# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Amalgamated Transit Union Local 1385 Grievant
Loyd Wood,

      *Plaintiff,*

v.                                                  Case No. 3:07-cv-187
                                                                           Judge Thomas M. Rose

Greater Dayton Regional Transit Authority,

      *Defendant.*

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT TO VACATE ARBITRATION AWARD. DOC. 6. AND FINDING MOOT MOTION TO DISMISS OF AMALGAMATED TRANSIT UNION, LOCAL DIVISION 1385, DOC. 9, AND TERMINATING CASE.**

---

Attorney James R. Greene, III has filed a complaint with this Court on behalf of "AMALGAMATED TRANSIT UNION, LOCAL 1385 (Grievant Loyd Wood)" "under Section 301 of the Labor Management Relations Act of 1947 ('LMRA'), as amended, 29 U.S.C. § 185, to vacate an arbitration award issued in favor of Defendant," Greater Dayton Regional Transit Authority. Doc. 1 at 1. In response, Greater Dayton Regional Transit Authority has filed Defendants' Motion to Dismiss Plaintiffs' Complaint to Vacate Arbitration Award. Doc. 6. Another attorney purporting to represent the Amalgamated Transportation Union, Local 1385, John R. Doll, has filed Motion to Dismiss of Amalgamated Transit Union, Local Division 1385, Doc. 9, asserting that he, and not Mr.

Greene, is authorized to represent the Amalgamated Transit Union, and requesting that the Union be dismissed from the action.

Defendants' Motion to Dismiss Plaintiffs' Complaint to Vacate Arbitration Award, Doc. 6, informs the Court that political subdivisions are exempt from the provisions of the LMRA under 29 U.S.C. § 152(2). Doc. 6 at 5. It further informs the Court that it is a political subdivision under Ohio Revised Code §§ 306.31 and 306.32. Finally, it claims that it meets the federal determination of a political subdivision as established in *NLRB v. Natural Gas Utility District of Hawkins County*, 402 U.S. 600 (1971).

Plaintiff contests none of Defendant's arguments and the Court finds them correct. Instead, Plaintiff asks the Court that it be granted permission under Federal Rule of Civil Procedure 15 to amend the complaint. The Court recognizes such permission should be freely given whenever justice so demands. Plaintiff, however, has attached no proposed amended complaint, nor explained any amendment that would not be futile. Defendant has countered that any other potential claim would be preempted by the LMRA, under which it is exempt from suit. The Court perceives no amendment that would not be futile. Wherefore, Defendant's motion to dismiss will be granted.

The decision to grant Defendant's motion renders moot the question of whom is authorized to represent the Amalgamated Transit Union, Local 1385 in this action.

Because Defendant is not an employer under the LMRA, Defendants' Motion to Dismiss Plaintiffs' Complaint to Vacate Arbitration Award, Doc. 6, is **GRANTED**. Motion to Dismiss of Amalgamated Transit Union, Local Division 1385, Doc. 9, is rendered **MOOT** by this decision. Because there is no amendment to the complaint that would not be futile the complaint is **DISMISSED WITH PREJUDICE.** The captioned cause is hereby **TERMINATED** upon the

docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, September 11, 2007.

                                                  s/Thomas M. Rose

                                        _____
                                            THOMAS M. ROSE
                                    UNITED STATES DISTRICT JUDGE